## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| BRYANDA CAZARES | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| STATE FARM LLOYDS, | § | |
| *Defendant.* | § | JURY DEMANDED |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, State Farm Lloyds (hereinafter "State Farm"), files this Notice of Removal to remove from the 430ᵗʰ Judicial District Court of Hidalgo County, Texas to this Court a suit styled *Bryanda Cazares v. State Farm Lloyds* and docketed under Cause No. C-0677-15-J.

### STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1.     This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1). Thus, this Court has removal jurisdiction. 28 U.S.C.A. § 1441(a).

### TIMELINESS OF NOTICE OF REMOVAL

2.     This Notice is being filed within thirty (30) days after the earliest date State Farm was made a party and therefore entitled to remove the case. Plaintiff's original state court petition, incorrectly naming State Farm Fire and Casualty Company as the Defendant, was filed on February 17, 2015.  State Farm was first served with Plaintiff's Original Petition on March 11, 2015 via certified mail. State Farm Lloyds, incorrectly named as State Farm Fire and Casualty Company, filed its Original Answer on April 6, 2015.

On April 7, 2015, Plaintiff filed her First Amended Petition correctly naming State Farm Lloyds as the Defendant. State Farm is a diverse Defendant such that removal is proper under 28 U.S.C.A. section 1446 (b).

## NATURE OF PLAINTIFF'S CASE AGAINST DEFENDANT

3.      This suit involves a claim made for property damage and loss of use arising from a hail/windstorm that occurred on or about September 3, 2014, at the business of Plaintiff, Bryanda Cazares. State Farm is the insurer for Plaintiff's Texas Businessowner's Insurance Policy. Plaintiff now sues State Farm, alleging breach of contract, violation of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing. *See Exhibit "A6."*

## DIVERSITY JURISDICTION PERMITS REMOVAL

4.      Pursuant to 28 U.S.C.A. § 1332(a)(1), this Court has diversity jurisdiction.

5.      State Farm issued an Businessowner Insurance Policy to the Plaintiff who is a citizen of Texas residing in Hidalgo County as alleged in Plaintiff's First Amended Petition.  State Farm is an unincorporated association whose underwriters are, or during the relevant time made the basis of this suit were, citizens of the State of Illinois. Therefore, State Farm is not a citizen of Texas for the purpose of federal diversity jurisdiction. *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-883 (5th Circ. 1993), cert den., 511 U.S. 1032, 114 S. Ct. 1541, 128 L.Ed 2d 193 (1994).

6.      Plaintiff's First Amended Petition seeks actual damages, treble damages, exemplary damages, reasonable and necessary attorney's fees, in addition to the recovery of prejudgment and post-judgment interest and recovery of costs of court.

7.      Plaintiff's First Amended Petition states the amount of damages sought is over $200,000.00 but not more than $1,000,000.00. Thus, the amount in controversy is well in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs. 28 U.S.C.A §1332(a).

## STATE COURT PLEADINGS FILED WITH NOTICE

8.      Pursuant to 28 U.S.C.A. § 1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas, filed with this Notice of Removal as Exhibit "A" is an Index of Attachments that includes a List of Parties and Counsel, and copies of all the instruments filed in state court at the time of filing this Notice of Removal.

9.      Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

## VENUE

10.     Venue is proper in this district under 28 U.S.C.A. § 1441 (a) because the state court where the suit has been pending is located in this district.

## JURY DEMAND

11.     Plaintiff did demand a jury in the state court suit.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm prays that this Notice of Removal be granted, that Plaintiff's suit against Defendant proceed before this Court pursuant to this Court's diversity jurisdiction, that upon final trial, judgment be rendered that Plaintiff takes nothing by her suit against Defendant, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

COWEN & GARZA, LLP
506 E. Dove
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324
sarah@cowengarza.com

BY : _____

Sarah Pierce Cowen
Federal ID No. 7973
State Bar No. 15997480

**Attorney in Charge for
Defendant State Farm Lloyds**

Of Counsel:
Viola G. Garza
State Bar No. 00787518
Federal ID No. 19310
viola@cowengarza.com
Summer Olmos
Federal ID No. 625129
State Bar No. 24051134
summer@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
Tel. (956) 994-9170
Fax (956) 618-2324

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the preceding Defendant's Notice of Removal has been filed electronically with the Clerk of the Court and Notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile, to the following CM/ECF participants on this 9th day of April 2015.

**VIA FACSIMILE: (281) 402-3534**
Brandon D. Morris
Arguello, Hope & Associates, PLLC
1110 Nasa Parkway, Suite 620
Houston, TX 77058

Sarah Pierce Cowen

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| BRYANDA CAZARES | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| STATE FARM LLOYDS, | § | |
| *Defendant.* | § | |

## INDEX OF DOCUMENTS FILED WITH NOTICE OF REMOVAL

**EXHIBIT "A"**    -    State Court Documents

| Tab No. | State Court Document | Date Filed |
|---|---|---|
| A1 | Court's Docket Sheet | N/A |
| A2 | Plaintiff's Original Petition | 02/17/2015 |
| A3 | Citation for State Farm Fire and Casualty Company | 02/18/2015 |
| A4 | Service Issued for State Farm Fire and Casualty Company | 02/18/2015 |
| A5 | Original Answer, Affirmative Defenses and Request for Disclosure of Defendant State Farm Lloyds, Incorrectly Named as State Farm Fire and Casualty Company | 04/06/2015 |
| A6 | Plaintiff's First Amended Petition | 04/07/2015 |

**EXHIBIT "B"**    -    List of All Counsel and Parties Represented

# EXHIBIT "A"

# EXHIBIT "A-1"

430TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. C-0677-15-J

| | | |
|---|---|---|
| Bryanda Cazares | § | Location: **430th District Court** |
| VS. | § | Judicial Officer: **Ramon, Israel, Jr.** |
| State Farm Fire and Casualty Company | § | Filed on: **02/17/2015** |
| | § | |

---

### CASE INFORMATION

Case Type: **Contract - Consumer/Commercial/Debt (OCA)**

Subtype: **Hail Storm 2012 - 93rd**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | C-0677-15-J |
| Court | 430th District Court |
| Date Assigned | 02/17/2015 |
| Judicial Officer | Ramon, Israel, Jr. |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Cazares, Bryanda** | **Morris, Brandon** *Retained* 281-532-5529(W) |
| **Defendant** | **State Farm Fire and Casualty Company** | **Cowen, Sarah Pierce** *Retained* 956-994-9170(W) |
| | **State Farm Lloyds** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/07/2015 | 📄 First Amended <br> *Plaintiff's First Amended Petition* | |
| 04/06/2015 | 📄 Answer <br> *Original Answer, Affirmative Defenses and Request for Disclosure of Defendant State Farm Lloyds, Incorrectly Named as State Farm Fire and Casualty Company* | |
| 04/06/2015 | Court Entries <br> *Answer reviewed by Court* | |
| 02/18/2015 | 📄 Service Issued <br> *ONE CITATION ISSUED TO STATE FARM FIRE AND CASUALTY COMPANY* | |
| 02/18/2015 | **Citation** <br> 🖼️ State Farm Fire and Casualty Company <br> Served: 03/11/2015 <br> *efiled to:shari@simplyjustice.com* | |
| 02/17/2015 | 📄 Notice <br> *Civil Case Information Sheet* | |
| 02/17/2015 | 📄 Original Petition (OCA) | |

DATE 4·8·15

A true copy I certify

LAURA HINOJOSA

District Clerk, Hidalgo County, Texas

By _____ Deputy#15

*Printed on 04/08/2015 at 9:28 AM*

# EXHIBIT "A-2"

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-0677-15-J

| | | |
|---|---|---|
| **BRYANDA CAZARES,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **HIDALGO COUNTY, TEXAS,** |
| | § | |
| **STATE FARM FIRE AND** | § | |
| **CASUALTY COMPANY,** | § | |
| **Defendants.** | § | **_____ TH JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bryanda Cazares, ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of State Farm Fire and Casualty Company ("State Farm"), or ("Defendant"), Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure and request the Court enter a Level 2 Discovery Plan.

### PARTIES

2.    Plaintiff Bryanda Cazares is an individual residing in Hidalgo County, Texas.

3.    Defendant State Farm is a domestic insurance company engaged in the business of insurance in Texas. Defendant may be served through its registered agent Rendi J Black located at 17301 Preston Road, Dallas, Texas 75252.  The causes of action asserted arose from or are connected with purposeful acts committed by Defendant.

DATE 4|7|15

A true copy I cert
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas

By

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0677-15-J**

## JURISDICTION

4.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.   Plaintiff is seeking monetary relief over $100,000 but not more than $200,000.   Plaintiff reserves the right to amend her petition during and/or after the discovery process.

5.   The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

6.   Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas.   TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.   Plaintiff is the owner of a Texas Businessowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

8.   Plaintiff owns the insured property, which is specifically located at 1033 W. Duranta Ave Alamo, Texas, in Hidalgo County (hereinafter referred to as "the Property").

9.   State Farm sold the Policy insuring the Property to Plaintiff.

10.   On or about September 3, 2014 a hail storm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's property ("the Storm").   Specifically, Plainitff's roof sustained extensive damage during the storm.   Plaintiff's home sustained exterior damage during the storm, including but not limited to damage to soffits, fascia, window and door security grills, and

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0677-15-J

fencing.  Plaintiff filed a claim, in accordance with the terms of the Policy, with her insurance company, State Farm, for the damages to her property caused by the Storm.

11.    Plaintiff submitted a claim to State Farm against the Policy as referenced in paragraph 7 above, for Roof Damage and Structural Damage, the Property sustained as a result of the hail storm and/or windstorm.

12.    Plaintiff asked that State Farm cover the cost of repairs made necessary by the damage to the Property referenced in paragraph 10, pursuant to the Policy.

13.    Defendant State Farm assigned Christopher Lopez to adjust the claim.  This adjuster was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim.   Specifically, this adjuster conducted a substandard inspection of Plaintiff's property.  The inadequacy of this adjuster's inspection is evidenced by his report, which improperly denied the claim of Plaintiff's property damage from the September 3, 2014, wind and hail storm. Ultimately, this estimate did not allow any policy benefits to cover the cost of repairs for the damages sustained.  This inadequate investigation was relied upon by State Farm in this action and resulted in Plaintiff's claim being improperly denied.

14.    Defendant State Farm failed to adequately train and supervise this adjuster resulting in the unreasonable investigation and improper handling of Plaintiff's claim.  Moreover, State Farm failed to thoroughly review and properly oversee the work of this adjuster, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0677-15-J

claim. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff's claims were improperly denied causing her to suffer damages.

15.    State Farm misrepresented to Plaintiff that her covered hail storm and/or windstorm damages were not covered by the policy. Defendant State Farm failed to provide full coverage for the damages sustained by Plaintiff and improperly denied Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted and denied. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair their Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment she is entitled to under the Policy.

16.    As detailed in the paragraphs below, State Farm wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.    To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her property.

18.    Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay any proceeds due under the Policy, although due demand was made for said proceeds to be paid in an amount sufficient to cover the damaged property. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

19.    State Farm, misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. State

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0677-15-J

Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

20. State Farm failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. State Farm's, conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

21. State Farm failed to explain to Plaintiff the reasons for its denial of Plaintiff's claim. Specifically, State Farm failed to offer Plaintiff any compensation, without adequate explanation why payment was not being made. Furthermore, State Farm did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The Conduct of State Farm, is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

22. Defendant State Farm failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from State Farm. The conduct of State Farm constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

23. State Farm refused to compensate Plaintiff, under the terms of the Policy, even though State Farm failed to conduct a reasonable investigation. Specifically, State Farm performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0677-15-J

of State Farm constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25. Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27. From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0677-15-J

deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.   State Farm knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.   As a result of State Farm's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

## CAUSES OF ACTION:

30.   Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

31.   Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

32.   Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

33.   Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0677-15-J

34.     Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.     Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.     Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.     Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.     Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0677-15-J

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

39.   Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

40.   Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

41.   Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.   Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

43.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Lopez, who adjusted Plaintiff's claim  is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0677-15-J

44. Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of this adjuster including the completion of his duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOF FAITH AND FAIR DEALING

45. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

46. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholders) and State Farm's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that State Farm, like other insurers, controls entirely the evaluation, processing and denial of claims.

47. At the time of the inspection and/or investigation, upon which State Farm relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, Lopez the adjuster tried to wrongfully minimize Plaintiff's losses. By not accounting for the covered damages, this adjuster, and State Farm did not inspect and evaluate Plaintiff's home as if it were their own home. State Farm's investigation and evaluation was not reasonable, thus, State Farm lacked a reasonable basis for denying payment for Plaintiff's covered damages. State Farm's overall conduct in handling Plaintiff's claim was not reasonable.

48. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or should

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0677-15-J

have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

49.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

50.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

51.   As previously mentioned, the damages caused by the September 3, 2014 hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants State Farm's mishandling of Plaintiff's claim in violation of the laws set forth above.

52.   For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of his claim, together with attorney's fees.

53.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

54.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0677-15-J**

the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

55.  For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

56.  For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## STANDING ORDERS

57.  This matter will be governed by the Standing Pretrial Order Concerning Hidalgo County Commercial Hail Claims.  Pursuant to the Court's Order, a copy is attached to *Plaintiff's Original Petition* as "Exhibit 1."

58.  The Order Assigning Cases for Pretrial Matters Concerning Hidalgo County Residential and Commercial Hail Claims is attached to *Plaintiff's Original Petition* as "Exhibit 2."

## REQUEST FOR DISCLOSURE

59.  Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendant State Farm disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

Page 12

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0677-15-J

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By _____

Brandon D. Morris
State Bar of Texas Number: 24092860
brandon@simplyjustice.com
1110 Nasa Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281)402-3534
***ATTORNEY FOR PLAINTIFF***
***BRYANDA CAZARES***

Page 13

C-0677-15-J

# EXHIBIT NO. 1

DATE 4/7/15

A true copy I certify

LAURA HINOJOSA

District Clerk, Hidalgo County, Texas

By_____Deputy#14

C-0677-15-J

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | ___TH JUDICIAL DISTRICT COURT |

## STANDING PRETRIAL ORDER CONCERNING
## HIDALGO COUNTY RESIDENTIAL HAIL CLAIMS

It is hereby ORDERED that the 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been appointed as the Consolidated Pretrial Courts over Hidalgo Hail Litigation filed in District Court in Hidalgo County, Texas. The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.  This Order shall be affective and apply to all lawsuits filed in the District Court of Hidalgo County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to residential property caused by the 2012 Hail Storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012, against an insurance carrier who issues insurance policies for residential property (the "Residential Insurance Carrier"); and

B.  Immediately upon the filing of this Order, the District Clerk shall post this Order on the Hidalgo County District Courts' website. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C.  Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

D.  Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after unsuccessful mediation or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery

C-0677-15-J

deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the earlier of an unsuccessful mediation or a party's termination of the abatement period.

E.  Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repairs; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; the non-privileged portions of the Residential Insurance Carrier and Adjusting Company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the respective Hail claim(s); and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the Hail claim in litigation shall be preserved and not destroyed pursuant to the Court's "Save & Hold" directive regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F.  Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damages or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall

C-0677-15-J

prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.

G.    Once a mediation date and mediator are agreed to by all parties, the Residential Insurance Carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may reinspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H.    The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

I.    Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J.    The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the Original Petition was filed and provide written notice to all parties of the date and time of the Status Conference.

Signed this 28th day of February _____, 2013.

_____
93rd District Court, Judge Rudy Delgado

_____
139th District Court, Judge Roberto Flores

_____
206th District Court, Judge Rosa Guerra Reyna

_____
275th District Court, Judge Juan Partida

_____
332nd District Court, Judge Mario E. Ramirez, Jr.

_____
370th District Court, Judge Noe Gonzalez

_____
389th District Court, Judge Letty Lopez

_____
430th District Court, Judge Israel Ramon, Jr.

*(signatures continued on next page)*

C-0677-15-J

_398[th] District Court, Judge Aida Salinas Flores_

_92[nd] District Court, Judge Ricardo Rodriguez, Jr._

C-0677-15-J

# EXHIBIT NO. 2

4/7/15

NP

Texas

Deputy#14

C-0677-15-J

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | ___ TH JUDICIAL DISTRICT COURT |

## ORDER ASSIGNING CASES FOR PRETRIAL MATTERS CONCERNING HIDALGO COUNTY RESIDENTIAL AND COMMERCIAL HAIL CLAIMS

The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential and commercial property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012. The most efficient and consistent manner for allocating the various matters among the three pretrial courts is to divide and assign the cases based on the named insurance carrier defendant. Accordingly, each of the pretrial courts is hereby assigned to handle pretrial matters in the subject Hidalgo County residential and commercial hail claims, as follows:

The 93rd Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:

1. State Farm entities
2. Homeowners of America
3. National Lloyds
4. Fred Loya Insurance
5. Standard Guaranty
6. Geovera
7. Southern Vanguard
8. Balboa
9. Republic Group
10. USAA

**\*\*\*ALL OTHER INSURANCE CARRIERS NOT ASSIGNED UNDER THIS ORDER ARE ASSIGNED TO THE 93RD JUDICIAL DISTRICT COURT FOR PRETRIAL MATTERS.\*\*\***

The 206th Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:

1. Farmers Insurance entities
2. Foremost Insurance entities
3. Hochheim Prairie
4. Certain Underwriters
5. Meritplan
6. Underwriters at Lloyds
7. Scottsdale Insurance Co.
8. American Hallmark

C-0677-15-J

9.  Lloyds of London
10. Texas FAIR Plan Association
11. Standard Guaranty
12. Priority One
13. Progressive Insurance Co.
14. Lexington
15. Nationwide

The 370th Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:

1.  Allstate entities
2.  Wellington
3.  America First
4.  Cypress Texas Lloyds
5.  American Risk
6.  Germania
7.  Pronto Insurance Co.
8.  ASI Lloyds
9.  Hartford
10. Companion
11. Frontier
12. Safeco
13. Travelers
14. Liberty Mutual
15. Universal
16. Ranchers & Farmers

It is further ORDERED that the parties are urged to attempt to agree on discovery matters, including written discovery disputes and the number and scope of depositions. However, if the parties are unable to reach a consensus regarding global or institutional discovery disputes, the presiding administrative judge for Hidalgo County District Courts will work in conjunction with the pre-trial judges to establish uniform parameters for discovery in all cases controlled by this pretrial order.

Signed this 28th day of February , 2013.

_____
93rd District Court, Judge Rudy Delgado

_____
139th District Court, Judge Roberto Flores

_____
206th District Court, Judge Rosa Guerra Reyna                 *(signatures continued on next page)*

C-0677-15-J

275th District Court, Judge Juan Partida

332nd District Court, Judge Marlo E. Ramirez, Jr.

370th District Court, Judge Noe Gonzalez

389th District Court, Judge Letty Lopez

430th District Court, Judge Israel Ramon, Jr.

398th District Court, Judge Aida Salinas Flores

92nd District Court, Judge Ricardo Rodriguez, Jr.

# EXHIBIT "A-3"

Electronically Filed
2/17/2015 12:00:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER (FOR CLERK USE ONLY): _____ C-0677-15-J _____     COURT (FOR CLERK USE ONLY): _____

STYLED: Bryanda Cazares v. State Farm Fire and Casualty Company

(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: Brandon Morris | Email: brandon@simplyjustice.com | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| | | Plaintiff(s)/Petitioner(s): Bryanda Cazares | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 1110 Nasa Parkway, Suite 620 | Telephone: 281-532-5529 | | |
| City/State/Zip: Houston, Texas 77058 | Fax: 281-402-3534 | Defendant(s)/Respondent(s): State Farm Fire and Casualty Company | Additional Parties in Child Support Case: Custodial Parent: Non-Custodial Parent: |
| Signature: Brand Mri | State Bar No: 24092860 | (Attach additional page as necessary to list all parties) | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law |
|---|---|---|---|

### Civil

**Contract**
*Debt/Contract*
☒ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other: _____

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**
*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-Judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

DATE 4/7/15

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#14

# 430th district court of hidalgo county, Texas
111 S 9TH EDINBURG TX 78539

## Case #: C-0677-15-J

BRYANDA CAZARES

*Plaintiff*
vs
STATE FARM FIRE AND CASUALTY COMPANY

*Defendant*

FILED
AT 9'00 O'CLOCK ___ M
MAR 2 7 2015
LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By ___ Deputy#21

### RETURN OF SERVICE

 I, Ron Marshall, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit.  That I received the documents stated below on 03/11/15 12:00 pm, instructing for same to be delivered upon State Farm Fire And Casualty Company By Delivering To Its Registered Agent, Rendi J Black.

That I delivered to    : State Farm Fire And Casualty Company By Delivering To Its
                       : Registered Agent, Rendi J Black. By Delivering to Alicia
                       : Rodriguez, Executive Se, authorized to accept

the following          : CITATION; PLAINTIFF'S ORIGINAL PETITION; EXHIBITS

at this address        : 17301 Preston Road
                       : Dallas, Collin County, TX 75252

Manner of Delivery     : by PERSONALLY delivering the document(s) to the person above.

Delivered on           : MAR 11, 2015 4:00 pm

My name is Ron Marshall, my date of birth is NOV 12th, 1954, and my address is Professional Civil Process Dallas, Inc., 2206 Century Center Blvd., Irving TX 75062, and U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the 14th day of ___, 20 15.

_____
Declarant
Ron Marshall
Texas Certification#: SCH-6315 Exp. 01/31/17

Private Process Server
Professional Civil Process Dallas, Inc.        PCP Inv#: D15300031
2206 Century Center Blvd. Irving TX 75062
(214) 748-8866
                                  + Service Fee:  65.00
                                    Witness Fee:    .00
tomcat                              Mileage Fee:    .00
AX02015300031 DATE                            Arguello, Martin A.
A true copy I certify                          **MAIL BACK TO COURT**
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By ___ Deputy#14

C-0677-15-J
**430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**State Farm Fire and Casualty Company**
**REG. AGENT. RENDI J. BLACK**
`17301 PRESTON RD.`
**DALLAS, TX 75252**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 17th day of February, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-0677-15-J, **BRYANDA CAZARES VS. STATE FARM FIRE AND CASUALTY COMPANY**

Said Petition was filed in said court by BRANDON MORRIS, 1110 NASA PKWY STE 620 HOUSTON TX 77058.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 18th day of February, 2015.


**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

*Sonia Ponce*
_____
**SONIA PONCE, DEPUTY CLERK**

**C-0677-15-J**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Professional Civil Process Dallas, Inc.
2206 Century Center Blvd.
Irving TX 75062
(214) 748-8866


Mar 16, 2015


Laura Hinojosa
District Clerk of HIDALGO County
P.O. Box 87
100 N. Closner, 1st Floor
Edinburg, TX 78539

RE: RETURN OF SERVICE
Servee : **State Farm Fire And Casualty Company**

Cause#: C-0677-15-J
County: HIDALGO
Court : 430

**BRYANDA CAZARES**
              **VS**
**STATE FARM FIRE AND CASUALTY COMPANY**


Dear Clerk of the Court,


Enclosed are returns of service and/or Declaration of Not Found Affidavit
Please file back with the appropriate court.

Your help is greatly appreciated.

Please feel free to call me at (214) 748-8868 if you have any questions.


Sincerely,

PCP Dallas


D15300031

# EXHIBIT "A-5"

Electronically Filed
4/6/2015 9:00:54 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

CAUSE NO. C-0677-15-J

| | | |
|---|---|---|
| BRYANDA CAZARES | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 430th JUDICIAL DISTRICT |
| | § | |
| STATE FARM FIRE AND | § | |
| CASUALTY COMPANY | § | |
| *Defendant.* | § | HIDALGO COUNTY, TEXAS |

---

## ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND REQUEST FOR DISCLOSURE OF DEFENDANT STATE FARM LLOYDS, INCORRECTLY NAMED AS STATE FARM FIRE AND CASUALTY COMPANY

---

Comes now Defendant State Farm Lloyds, incorrectly named as State Farm Fire and Casualty Company ("State Farm"), in the above styled and numbered cause and files this Original Answer, Affirmative Defenses and Request for Disclosure.

## I.
## GENERAL DENIAL

1.     Defendant State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendment thereto, by a preponderance of the evidence.

## II.
## DEFENSES

2.     **Policy Coverage Provisions.**   Under the Insuring Agreement, Plaintiff must prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks

1

DATE 4/7/15

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy

Electronically Filed
4/6/2015 9:00:54 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

damages from accidental direct physical loss.

     3.    **Deductible/Offset.** State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of deductible in addition to all amounts paid by Defendant to Plaintiff.

     4.    **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon. The policy at issue specifically provides:

Property Not Covered

Covered Property does not include:

    e.    The interior of any building or structure, or the property inside any building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

       (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof, outside walls, or outside building glass through which the rain, snow, sleet, ice, sand or dust enters; or

       (2) The loss is caused by thawing of snow, sleet or ice on the building or structure.

Plaintiff has claimed damages to the property specifically excluded as identified above and as explained to Plaintiff via pre-suit correspondence dated September 16, 2014.

     5.    **Failure of Policy Conditions/Conditions Precedent.** Defendant hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the policy, and all "duties after loss."

     6.    **Pre-Existing Damages.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, pre-existed the alleged occurrence of hail, wind and wind-driven rain.

2

Electronically Filed
4/6/2015 9:00:54 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

7.      **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by normal wear and tear.

8.      **Bona Fide/Legitimate Dispute.**  A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

9.      **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

10.     **Excessive Demand Doctrine.** Defendant would further assert that Plaintiff's claim for attorney's fees is barred in whole or in part by the doctrine of excessive demand.

### III.
### REQUEST FOR DISCLOSURE

11.     **Request for Disclosure.**  Under Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

3

Electronically Filed
4/6/2015 9:00:54 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

## PRAYER

Defendant State Farm Lloyds, incorrectly named as State Farm Fire and Casualty Company, prays that, upon final trial and hearing hereof, Plaintiff take nothing and that State Farm recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself justly entitled, both in law and at equity.

Respectfully submitted,

**COWEN & GARZA, LLP**
506 E. Dove Avenue
McAllen, Texas 78504
T. 956.994.9170
F. 956.618.2324
Email: sarah@cowengarza.com

By:    _/s/ Sarah Pierce Cowen_
Sarah Pierce Cowen
State Bar No. 15997480
Summer Olmos
State Bar No. 24051134

**COUNSEL FOR DEFENDANT
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the following by facsimile on APRIL 6, 2015.

**VIA FACSIMILE: (281) 402-3534**
Brandon D. Morris
Arguello, Hope & Associates, PLLC
1110 Nasa Parkway, Suite 620
Houston, TX 77058

_/s/ Sarah Pierce Cowen_
Sarah Pierce Cowen

4

**EXHIBIT "A-6"**

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

CAUSE NO. C-0677-15-J

| | | |
|---|---|---|
| **BRYANDA CAZARES,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS,** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | |
| | § | **430TH JUDICIAL DISTRICT** |

---

### PLAINTIFF'S FIRST AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bryanda Cazares, ("Plaintiff"), and files this *Plaintiff's First Amended Petition*, complaining of State Farm Lloyds ("State Farm"), or ("Defendant"), Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure and request the Court enter a Level 2 Discovery Plan.

### PARTIES

2.  Plaintiff Bryanda Cazares is an individual residing in Hidalgo County, Texas.

3.  Defendant State Farm is a domestic insurance company engaged in the business of insurance in Texas. Defendant may be served through its registered agent Rendi J Black located at 17301 Preston Road, Dallas, Texas 75252. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant.

DATE_____4·8·15_____

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#15

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

## JURISDICTION

4.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.   Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend her petition during and/or after the discovery process.

5.    The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

6.    Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.    Plaintiff is the owner of a Texas Businessowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

8.    Plaintiff owns the insured property, which is specifically located at 1033 W. Duranta Ave Alamo, Texas, in Hidalgo County (hereinafter referred to as "the Property").

9.    State Farm sold the Policy insuring the Property to Plaintiff.

10.    On or about September 3, 2014 a hail storm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's property ("the Storm").   Specifically, Plainitff's roof sustained extensive damage during the storm.  Plaintiff's home sustained exterior damage during the storm, including but not limited to damage to soffits, fascia, window and door security grills, and

Page 2

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

fencing.  Plaintiff filed a claim, in accordance with the terms of the Policy, with her insurance company, State Farm, for the damages to her property caused by the Storm.

11.     Plaintiff submitted a claim to State Farm against the Policy as referenced in paragraph 7 above, for Roof Damage and Structural Damage, the Property sustained as a result of the hail storm and/or windstorm.

12.     Plaintiff asked that State Farm cover the cost of repairs made necessary by the damage to the Property referenced in paragraph 10, pursuant to the Policy.

13.     Defendant State Farm assigned Christopher Lopez to adjust the claim.  This adjuster was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim.   Specifically, this adjuster conducted a substandard inspection of Plaintiff's property.  The inadequacy of this adjuster's inspection is evidenced by his report, which improperly denied the claim of Plaintiff's property damage from the September 3, 2014, wind and hail storm. Ultimately, this estimate did not allow any policy benefits to cover the cost of repairs for the damages sustained.  This inadequate investigation was relied upon by State Farm in this action and resulted in Plaintiff's claim being improperly denied.

14.     Defendant State Farm failed to adequately train and supervise this adjuster resulting in the unreasonable investigation and improper handling of Plaintiff's claim.  Moreover, State Farm failed to thoroughly review and properly oversee the work of this adjuster, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

claim.  As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff's claims were improperly denied causing her to suffer damages.

15. State Farm misrepresented to Plaintiff that her covered hail storm and/or windstorm damages were not covered by the policy.  Defendant State Farm failed to provide full coverage for the damages sustained by Plaintiff and improperly denied Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted and denied. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair their Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment she is entitled to under the Policy.

16. As detailed in the paragraphs below, State Farm wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17. To date, State Farm continues to delay in the payment for the damages to the property.  As such, Plaintiff has not been paid in full for the damages to her property.

18. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay any proceeds due under the Policy, although due demand was made for said proceeds to be paid in an amount sufficient to cover the damaged property. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

19. State Farm, misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  State

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.   State Farm failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.   State Farm's, conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.   State Farm failed to explain to Plaintiff the reasons for its denial of Plaintiff's claim. Specifically, State Farm failed to offer Plaintiff any compensation, without adequate explanation why payment was not being made.   Furthermore, State Farm did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  The Conduct of State Farm, is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.   Defendant State Farm failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from State Farm. The conduct of State Farm constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

23.   State Farm refused to compensate Plaintiff, under the terms of the Policy, even though State Farm failed to conduct a reasonable investigation.   Specifically, State Farm performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  The conduct

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

of State Farm constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24.    Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25.    Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.    Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.    From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

deny the full payment.  State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     State Farm knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of State Farm's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

## CAUSES OF ACTION:

30.     Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

31.     Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

32.     Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

34.   Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.   Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.   Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

37.   Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.   Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

39.  Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

40.  Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

41.  Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.  Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

43.  As referenced and described above, and further conduct throughout this litigation and lawsuit, Lopez, who adjusted Plaintiff's claim is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

44.   Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of this adjuster including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOF FAITH AND FAIR DEALING

45.   Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

46.   "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987).  This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholders) and State Farm's (the insurer) unequal bargaining power.  Part of this unequal bargaining power results from the fact that State Farm, like other insurers, controls entirely the evaluation, processing and denial of claims.

47.   At the time of the inspection and/or investigation, upon which State Farm relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, Lopez the adjuster tried to wrongfully minimize Plaintiff's losses.  By not accounting for the covered damages, this adjuster, and State Farm did not inspect and evaluate Plaintiff's home as if it were their own home.  State Farm's investigation and evaluation was not reasonable, thus, State Farm lacked a reasonable basis for denying payment for Plaintiff's covered damages.  State Farm's overall conduct in handling Plaintiff's claim was not reasonable.

48.   Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or should

Page 10

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

49.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

50.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

51.    As previously mentioned, the damages caused by the September 3, 2014 hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants State Farm's mishandling of Plaintiff's claim in violation of the laws set forth above.

52.    For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of his claim, together with attorney's fees.

53.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

54.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

55.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

56.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### REQUEST FOR DISCLOSURE

57.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendant State Farm disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court

Electronically Filed
4/7/2015 10:15:22 AM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By__ */s/ Brandon Morris*__
   Brandon D. Morris
   State Bar of Texas Number: 24092860
   brandon@simplyjustice.com
   1110 Nasa Parkway, Suite 620
   Houston, Texas 77058
   Telephone: (281) 532-5529
   Facsimile: (281)402-3534
   *ATTORNEY FOR PLAINTIFF*
   *BRYANDA CAZARES*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record by hand delivery, e-file, fax, certified mail, return receipt requested, or regular mail on this the 7th day of April, 2015:

**_VIA FACSIMILE: 956-618-2324_**
Sarah Pierce Cowan
Summer Olmos
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
sarah@cowangarza.com

By__ */s/ Brandon Morris*__
   Brandon D. Morris

# EXHIBIT NO. 2

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | ____TH JUDICIAL DISTRICT COURT |

### ORDER ASSIGNING CASES FOR PRETRIAL MATTERS CONCERNING HIDALGO COUNTY RESIDENTIAL AND COMMERCIAL HAIL CLAIMS

The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential and commercial property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012.   The most efficient and consistent manner for allocating the various matters among the three pretrial courts is to divide and assign the cases based on the named insurance carrier defendant.  Accordingly, each of the pretrial courts is hereby assigned to handle pretrial matters in the subject Hidalgo County residential and commercial hail claims, as follows:

The 93rd Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:

1. State Farm entities
2. Homeowners of America
3. National Lloyds
4. Fred Loya Insurance
5. Standard Guaranty
6. Geovera
7. Southern Vanguard
8. Balboa
9. Republic Group
10. USAA

**\*\*\*ALL OTHER INSURANCE CARRIERS NOT ASSIGNED UNDER THIS ORDER ARE ASSIGNED TO THE 93RD JUDICIAL DISTRICT COURT FOR PRETRIAL MATTERS.\*\*\***

The 206th Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:

1. Farmers Insurance entities
2. Foremost Insurance entities
3. Hocheim Prairie
4. Certain Underwriters
5. Meritplan
6. Underwriters at Lloyds
7. Scottsdale Insurance Co.
8. American Hallmark

9.  Lloyds of London
10. Texas FAIR Plan Association
11. Standard Guaranty
12. Priority One
13. Progressive Insurance Co.
14. Lexington
15. Nationwide

The 370th Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:

1.  Allstate entities
2.  Wellington
3.  America First
4.  Cypress Texas Lloyds
5.  American Risk
6.  Germania
7.  Pronto Insurance Co.
8.  ASI Lloyds
9.  Hartford
10. Companion
11. Frontier
12. Safeco
13. Travelers
14. Liberty Mutual
15. Universal
16. Ranchers & Farmers

It is further ORDERED that the parties are urged to attempt to agree on discovery matters, including written discovery disputes and the number and scope of depositions. However, if the parties are unable to reach a consensus regarding global or institutional discovery disputes, the presiding administrative judge for Hidalgo County District Courts will work in conjunction with the pre-trial judges to establish uniform parameters for discovery in all cases controlled by this pretrial order.

Signed this 28th day of February, 2013.

93rd District Court, Judge Rudy Delgado

135th District Court, Judge Roberto Flores

206th District Court, Judge Rosa Guerra Reyna          *(signatures continued on next page)*

275th District Court, Judge Juan Partida

332nd District Court, Judge Marlo E. Ramirez, Jr.

370th District Court, Judge Noe Gonzalez

389th District Court, Judge Letty Lopez

430th District Court, Judge Israel Ramon, Jr.

398th District Court, Judge Aida Salinas Flores

92nd District Court, Judge Ricardo Rodriguez, Jr.

# EXHIBIT NO. 1

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | _____ TH JUDICIAL DISTRICT COURT |

## STANDING PRETRIAL ORDER CONCERNING
## HIDALGO COUNTY RESIDENTIAL HAIL CLAIMS

It is hereby ORDERED that the 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been appointed as the Consolidated Pretrial Courts over Hidalgo Hail Litigation filed in District Court in Hidalgo County, Texas. The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.     This Order shall be affective and apply to all lawsuits filed in the District Court of Hidalgo County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to residential property caused by the 2012 Hail Storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012, against an insurance carrier who issues insurance policies for residential property (the "Residential Insurance Carrier"); and

B.     Immediately upon the filing of this Order, the District Clerk shall post this Order on the Hidalgo County District Courts' website. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C.     Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

D.     Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after unsuccessful mediation or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery

deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the earlier of an unsuccessful mediation or a party's termination of the abatement period.

E.     Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repairs; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; the non-privileged portions of the Residential Insurance Carrier and Adjusting Company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the respective Hail claim(s); and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the Hail claim in litigation shall be preserved and not destroyed pursuant to the Court's "Save & Hold" directive regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F.     Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damages or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall

prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.

G.   Once a mediation date and mediator are agreed to by all parties, the Residential Insurance Carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may reinspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H.   The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

I.   Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J.   The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the Original Petition was filed and provide written notice to all parties of the date and time of the Status Conference.

Signed this 20th day of February _____, 2013.

_____
93rd District Court, Judge Rudy Delgado

_____
139th District Court, Judge Roberto Flores

_____
206th District Court, Judge Rosa Guerra Reyna

_____
275th District Court, Judge Juan Partida

_____
332nd District Court, Judge Mario E. Ramirez, Jr.

_____
370th District Court, Judge Noe Gonzalez

_____
389th District Court, Judge Letty Lopez

_____
430th District Court, Judge Israel Ramón, Jr.

*(signatures continued on next page)*

_____
398th District Court, Judge Aida Salinas Flores

_____
92nd District Court, Judge Ricardo Rodriguez, Jr.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| BRYANDA CAZARES | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| STATE FARM LLOYDS, | § | |
| *Defendant.* | § | |

**LIST OF ALL COUNSEL OF RECORD AND PARTIES REPRESENTED**

Brandon D. Morris
State Bar No. 24092860
Brandon@simplyjustice.com
ARGUELLO, HOPE & ASSOCIATES, PLLC
1110 Nasa Parkway, Suite 620
Houston, TX 77058
T. (281) 532-5529
F. (281) – 402-3534
*Counsel for Plaintiff Bryanda Cazares*

Sarah Pierce Cowen
State Bar No. 15997480
sarah@cowengarza.com
Viola G. Garza
State Bar No. 00787518
viola@cowengarza.com
Summer Olmos
State Bar No. 2405113
summer@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, TX 78504
T. (956) 994-9170
F. (956) 618-2324
*Counsel for Defendant State Farm Lloyds*

# EXHIBIT "B"